IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>        Plaintiff,<br>    v.<br><br>LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., AND MOTOROLA MOBILITY LLC,<br><br>        Defendants. | CIVIL ACTION NO. 6:21-cv-00122<br><br>ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Gesture Technology Partners, LLC ("GTP" or "Plaintiff") files this original complaint against Lenovo Group Ltd., ("Lenovo Group"), Lenovo (United States) Inc. ("Lenovo US"), and Motorola Mobility LLC ("Motorola") (collectively, "Lenovo") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**PARTIES**

1.      Gesture Technology Partners, LLC is a limited liability company filed under the laws of the State of Ohio, with its principal place of business at 2815 Joelle Drive, Toledo, Ohio 43617.

2.      Defendant Lenovo Group Ltd. is a company incorporated under the laws of the People's Republic of China and having a principal place of business at No. 6 Chuang Ye Road,

Haidian District, Beijing, China 100085.  Lenovo Group directly and/or indirectly owns and controls Lenovo US, and Motorola.

3. Defendant Lenovo (United States) Inc., is a Delaware corporation with a principal place of business at 1009 Think Place, Morrisville, North Carolina 27560.

4. Defendant Motorola Mobility LLC is a Delaware limited liability company, with its principal place of business at 222 W. Merchandise Mark Plaza Suite 1800, Chicago, Illinois 60654.

5. Lenovo designs, manufactures, makes, uses, imports into the United States, sells, and/or offers for sale in the United States smartphones and tablets.  Lenovo's smartphones and tablets are marketed, used, offered for sale, and/or sold throughout the United States, including within this district.

## JURISDICTION AND VENUE

6. GTP repeats and re-alleges the allegations in Paragraphs 1-5 as though fully set forth in their entirety.

7. This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(c).

9. Lenovo is subject to this Court's specific and general personal jurisdiction due at least to Lenovo's substantial business in this forum, including (i) at least a portion of the infringements alleged herein; or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

10.     Specifically, Lenovo intends to and does business in Texas, directly or through intermediaries and offers its products or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the Western District of Texas.

11.     Venue is proper against Lenovo Group pursuant to 28 U.S.C. § 1391(c)(3) because venue is proper in any judicial district against a foreign corporation. *See In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018). Lenovo Group may be served through its domestic entities or by process under the Hague Convention.

12.     Venue is proper against Lenovo US and Motorola in this District pursuant to 28 U.S.C. § 1400(b) because Lenovo has maintained established and regular places of business in this District and committed acts of patent infringement in the District including, on information and belief, at 11150 Research Blvd, Austin, Texas 78759, and regular and established service centers in Austin and Waco, Texas. *See* Exhibits A-C. *See In re Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017). On information and belief, these service centers are dedicated to the service and support of Lenovo products, including the Accused Products. Lenovo US may be served with process via its registered agent: The Corporation Trust Company, 1999 Bryan St., Ste. 900 Dallas, Texas 75201-3136.

## THE TECHNOLOGY

13.     GTP repeats and re-alleges the allegations in Paragraphs 1-12 as though fully set forth in their entirety.

14.     GTP was founded in 2013 by Dr. Timothy Pryor, the sole inventor of the five Asserted Patents. He currently resides in Toledo, Ohio. Dr. Pryor received a B.S. in Engineering Physics from Johns Hopkins University in 1962, where he was also a member of the Army Reserve Officer in Training (ROTC) program. Upon graduation, he was commissioned as a Second

Lieutenant in the United States Army. Dr. Pryor continued his education, obtaining an M.S. in Physics from the University of Illinois (1964) and a Ph.D. in Mechanical Engineering from the University of Windsor (1972).

15. Dr. Pryor rose to the rank of Captain in the U.S. Army before his honorable discharge in 1967. Dr. Pryor served at the U.S. Army Aberdeen Proving Ground and in Italy, commanding missile teams supporting the Italian armed forces on a NATO anti-aircraft missile site, charged with guarding nuclear warheads and providing technical assistance to NATO.

16. Dr. Pryor is a named inventor on over 200 patents and patent applications. For the past four decades, he has been a pioneer in laser sensing technology, motion sensing technology, machine vision technology and camera-based interactive technology.

17. Since the 1970's, Dr. Pryor has founded and led three other companies: two small operating companies in the automotive parts inspection and robotics businesses, one company that developed new forms of vehicle instrument panel controls, and co-founded another company that utilized camera-based sensors for physical therapy. Dr. Pryor is responsible for a significant amount of the research and development for the technologies at these companies.

18. The patents-in-suit, U.S. Patent Nos. 8,194,924 (the "'924 patent"), 7,933,431 (the "'431 patent"), 8,878,949 (the "'949 patent"), and 8,553,079 (the "'079 patent") (collectively, the "Asserted Patents"), are generally directed to innovations in using mobile phone cameras to assist a user to interact with their smartphone, including, for example, but not limited to unlocking their phone, taking and using photos or videos, and providing other functions.

19. Dr. Pryor conceived of the inventions embodied in the Asserted Patents in the mid- to late-1990s, when he was working on a variety of different projects related to imaging and

computer control. Dr. Pryor describes the process as a brainstorm that led to several breakthrough moments, ultimately resulting in the Asserted Patents.

## THE ACCUSED PRODUCTS

20.     GTP repeats and re-alleges the allegations in Paragraphs 1-19 as though fully set forth in their entirety.

21.     Lenovo infringed the asserted patents by making, using, selling, offering to sell, and importing its smartphones and tablets including, but not limited to, the Lenovo Smart Tab M10 Plus, the Lenovo Tab M10 Plus, the Lenovo Tab P11 Pro Tablet, the Motorola One Fusion+, the Motorola One 5G, the Motorola One Zoom, the Motorola One Action, the Motorola One Hyper, the Motorola G Stylus, the Motorola G Power, the Motorola G Fast, and the Motorola E (collectively the "Accused Products").

## EXAMPLES OF MOTOROLA'S MARKETING OF THE ACCUSED FEATURES

22.     The Accused Products have features including, but not limited to, at least the following: Auto Smile Capture, Shot Optimization, Smart Composition, Portrait Mode, Cutout, Live Filter, Best Shot, Google Lens Integration, AR Sticker, Electronic Image Stabilization, Face Beauty, Attentive Display, Group Selfie, Gesture Selfie, and facial recognition (the "Features").

23.     The Features drive the popularity and sales of the Accused Products.

24.     For example, Lenovo has marketed the Accused Products using Auto Smile Capture to automatically take photos when everyone is the frame is smiling, as described in the following screenshot from Motorola's website:[1]

---

[1] Motorola Electronics Co., Ltd., *moto g Power*, available at https://www.motorola.com/us/smartphones-moto-g-power-gen-2/p (last accessed January 19, 2020).

5



25. Lenovo has marketed its Accused Products using Shot Optimization to obtain the best quality photos, as described in the following screenshot from Motorola's website:[2]



---

[2] Motorola Electronics Co., Ltd., *moto g Power*, available at https://www.motorola.com/us/smartphones-moto-g-power-gen-2/p (last accessed January 19, 2020).

6

26. Lenovo has marketed its Accused Products using functions in taking photos and videos, such as the gesture control in its front-facing camera, as described in the following screenshot from Motorola's website:[3]

> **Show palm to take selfie**
>
> You can have the camera start a countdown timer to take a selfie by raising your palm.
>
> To enable this gesture:
> 1. Switch to the selfie camera by touching
> 2. On the viewfinder, touch **Settings**
> 3. Turn **Gesture Selfie** on
>
> To use it:
> 1. Open the selfie camera.
> 2. Without covering your face in the viewfinder, show your open hand (palm) to the camera. Three dots at the top of the viewfinder indicate a countdown timer.
> 3. Smile and wait for the timer.

27. Lenovo has marketed its Accused Products using attentive display to keep the Accused Product's screen on when looking at it, as described in the following screenshot from Motorola's website:[4]

> - Your screen will sleep sooner when it doesn't see you, saving battery.
>
> In certain lighting conditions, your phone may have difficulty detecting when you've looked away.
> To turn on Attentive Display:
> 1. Go to **Settings > Display > Advanced**.
>    Or, open the **Moto** app and touch ≡ > **Display**.
> 2. Touch **Attentive Display** and turn the feature on or off.

---

[3] Motorola Electronics Co., Ltd., *Taking selfies - motorola one 5G*, available at https://support.motorola.com/us/en/Solution/MS153524 (last accessed January 19, 2020).

[4] Motorola Electronics Co., Ltd., *Display settings - motorola one 5G ACE*, available at https://support.motorola.com/us/en/Solution/MS156753 (last accessed February 1, 2020).

28.     Lenovo has marketed the Accused Products using facial recognition unlock the devices as a superior security feature, as described in the following screenshots from Lenovo US's website:[5]



**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 8,194,924**

29.     GTP repeats and re-alleges the allegations in Paragraphs 1-28 as though fully set forth in their entirety.

30.     GTP owns all substantial rights, interest, and title in and to the '924 patent, including the sole and exclusive right to prosecute this action and enforce the '924 patent against infringers, and to collect damages for all relevant times.  The United States Patent and Trademark

---

[5] Lenovo (United States) Inc., *Lenovo Tab P11 Pro Tablet*, available at https://www.lenovo.com/us/en/tablets/android-tablets/lenovo-tab-series/Lenovo-TB-J706/p/ZA7C0080US (last accessed January 27, 2020).

Office duly issued the '924 patent on June 5, 2012.  A copy of the '924 patent is attached as Exhibit D.

31. The '924 patent is titled "Camera Based Sensing in Handheld, Mobile, Gaming or Other Devices."  The '924 patent describes using a camera output such that the handheld device's computer performs a control function on the device, such as acquiring or taking images, reading things, determining data, transmitting data, printing data, and actuating a vehicle or function.

32. The claims of the '924 patent are not directed to an abstract idea.

33. Lenovo has directly infringed (literally or under the doctrine of equivalents) at least Claim 1 of the '924 patent.

34. Lenovo has infringed the '924 patent by making, using, selling, offering for sale, and importing the Accused Products.

35. The Accused Products are handheld devices with a housing and a computer, including but not limited to one or more System-on-Chips.

36. The Accused Products have at least one first camera oriented to view a user of the Accused Product.  The first camera has an output when used.

37. The Accused Products have at least one second camera oriented to view an object other than the user.  The second camera has an output when used.

38. The first and second cameras of the Accused Products have non-overlapping fields of view.

39. The computer of the Accused Products is adapted to perform a control function, such as the control functions associated with the Features, based on an output of either the first camera or the second camera.

40. Plaintiff has been damaged as a result of the infringing conduct by Lenovo alleged above. Thus, Lenovo is liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

41. Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '924 patent.

42. Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '924 patent.

43. Lenovo had knowledge of the '924 patent at least as of the filing of this Complaint.

44. Lenovo has also indirectly infringed one or more claims of the '924 patent by inducing others to directly infringe the '924 patent. Lenovo has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '924 patent by using the Accused Products. Lenovo took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '924 patent, including, for example, Claim 1 of the '924 patent. Such steps by Lenovo included, among other things, advising or directing end-users and other third-parties to use the Accused Features in the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner. Lenovo performed these steps, which constitute induced infringement with the knowledge of the '924 patent and with the knowledge that the induced acts constitute infringement. Lenovo was aware that the normal and customary use of the Accused Products by others would infringe the

'924 patent. Lenovo's direct infringement of the '924 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,933,431

45. GTP repeats and re-alleges the allegations in Paragraphs 1-44 as though fully set forth in their entirety.

46. GTP owns all substantial rights, interest, and title in and to the '431 patent, including the sole and exclusive right to prosecute this action and enforce the '431 patent against infringers, and to collect damages for all relevant times. The United States Patent and Trademark Office duly issued the '431 patent on April 26, 2011. A copy of the '431 patent is attached as Exhibit E.

47. The '431 patent is titled "Camera Based Sensing in Handheld, Mobile, Gaming, or Other Devices." The '431 patent describes a method for a user to control a handheld device using gestures that are observed by a sensor on the handheld device.

48. Lenovo has directly infringed (literally or under the doctrine of equivalents) at least Claim 7 of the '431 patent. Lenovo has infringed the '431 patent by making, using, selling, offering to sell, and importing the Accused Products.

49. The claims of the '431 patent are not directed to an abstract idea.

50. The Accused Products are handheld computers.

51. The Accused Products have a housing.

52. The Accused Products have one or more cameras associated with their housing. The one or more cameras obtain images of objects using reflected light from the objects.

53. A computer, including but not limited to at least one System on Chip, resides within the housing of the Accused Products. The computer analyzes images obtained by the one or more images to determine information about a position or movement of the object.

54. The Accused Products use information about the object to control a function of the Accused Products, such as the functions associated with the Features.

55. Plaintiff has been damaged as a result of the infringing conduct by Lenovo alleged above. Thus, Lenovo is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

56. Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '431 Patent.

57. Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '431 patent.

58. Lenovo had knowledge of the '431 patent at least as of the filing of this Complaint.

59. Lenovo has also indirectly infringed one or more claims of the '431 patent by inducing others to directly infringe the '431 patent. Lenovo has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '431 patent by using the Accused Products. Lenovo took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '431 patent, including, for example, Claim 7 of the '431 patent. Such steps by Lenovo included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and

other third-parties to use the Accused Products in an infringing manner. Lenovo performed these steps, which constitute induced infringement with the knowledge of the '431 patent and with the knowledge that the induced acts constitute infringement. Lenovo was aware that the normal and customary use of the Accused Products by others would infringe the '431 patent. Lenovo's direct and indirect infringement of the '431 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

### COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 8,878,949

60.    GTP repeats and re-alleges the allegations in Paragraphs 1-59 as though fully set forth in their entirety.

61.    GTP owns all substantial rights, interest, and title in and to the '949 patent, including the sole and exclusive right to prosecute this action and enforce the '949 patent against infringers, and to collect damages for all relevant times. The United States Patent and Trademark Office duly issued the '949 patent on November 4, 2014. A copy of the '949 patent is attached as Exhibit F.

62.    The '949 Patent is titled "Camera Based Interaction and Instruction." The '949 patent describes a device that allows a user to control the device using gestures registered by the front-facing camera and an electro-optical sensor.

63.    The claims of the '949 patent are not directed to an abstract idea.

64.    Lenovo has directly infringed (literally or under the doctrine of equivalents) at least Claim 1 of the '949 patent. Lenovo infringed the '949 patent by making, using, selling, offering for sale, and importing the Accused Products.

65.    The Accused Products are portable devices.

66. The Accused Products have a housing. The housing has a forward-facing portion that includes an electro-optical sensor that has a field of view and a digital camera.

67. Within the housing is a processing unit including, but not limited to, at least one System on Chip. The processing unit is coupled to the electro-optical sensor.

68. The processing unit in the Accused Products has been programmed to determine if a gesture has been performed in the electro-optical sensors field of view based on an output from the electro-optical sensor.

69. The processing unit of the Accused Products controls the digital camera in response to the gesture performed. Such gestures are used by the Features.

70. Plaintiff has been damaged as a result of the infringing conduct by Lenovo alleged above. Thus, Lenovo is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

71. Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '949 Patent.

72. Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '949 patent.

73. Lenovo had knowledge of the '949 patent at least as of the filing of this Complaint.

74. Lenovo has also indirectly infringed one or more claims of the '949 patent by inducing others to directly infringe the '949 patent. Lenovo has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '949 patent by using the Accused Products. Lenovo took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes

one or more claims of the '949 patent, including, for example, Claim 1 of the '949 patent. Such steps by Lenovo included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner. Lenovo performed these steps, which constitute induced infringement with the knowledge of the '949 patent and with the knowledge that the induced acts constitute infringement. Lenovo was aware that the normal and customary use of the Accused Products by others would infringe the '949 patent. Lenovo's direct and indirect infringement of the '949 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,553,079

75. GTP repeats and re-alleges the allegations in Paragraphs 1-74 as though fully set forth in their entirety.

76. GTP owns all substantial rights, interest, and title in and to the '079 patent, including the sole and exclusive right to prosecute this action and enforce the '079 patent against infringers, and to collect damages for all relevant times. The United States Patent and Trademark Office duly issued the '079 patent on October 8, 2013. A copy of the '079 patent is attached as Exhibit G.

77. The '079 patent is titled "More Useful Man Machine Interfaces and Applications." The '079 patent describes methods and apparatuses related to determining gestures illuminated by a light source of a computer by using a camera housed in the computer.

78. The claims of the '079 patent are not directed to an abstract idea.

79.     Lenovo has directly infringed (literally or under the doctrine of equivalents) at least Claim 11 of the '079 patent. Lenovo has infringed the '079 patent by making, using, selling, offering for sale, and importing the Accused Products.

80.     The Accused Products are computer apparatuses.

81.     The Accused Products contain a light source that will illuminate a human body part within a work volume.

82.     The Accused Products have one or more cameras. The one or more cameras have a fixed relation to the light source. The one or more cameras of the Accused Products are oriented to observe gestures performed by a human body part.

83.     The Accused Products have one or more processors including, but not limited to, one or more System on Chips, that have been programmed to determine a gesture performed based on output from the one or more cameras.

84.     Plaintiff has been damaged as a result of the infringing conduct by Lenovo alleged above. Thus, Lenovo is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

85.     Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '079 patent.

86.     Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '079 patent.

87.     Lenovo had knowledge of the '079 patent at least as of the filing of this Complaint.

88.     Lenovo has also indirectly infringed one or more claims of the '079 patent by inducing others to directly infringe the '079 patent. Lenovo has induced end-users and other third-

parties to directly infringe (literally or under the doctrine of equivalents) the '079 patent by using the Accused Products. Lenovo took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '079 patent, including, for example, Claim 11 of the '079 patent. Such steps by Lenovo included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner. Lenovo performed these steps, which constitute induced infringement with the knowledge of the '079 patent and with the knowledge that the induced acts constitute infringement. Lenovo was aware that the normal and customary use of the Accused Products by others would infringe the '079 patent. Lenovo's inducement is ongoing.

89. Lenovo's direct and indirect infringement of the '079 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

GTP requests that the Court find in its favor and against Motorola, and that the Court grant GTP the following relief:

a. Judgment that one or more claims of the Asserted Patents have been infringed, either literally or under the doctrine of equivalents, by Motorola or all others acting in concert therewith;

b. Judgment that Motorola accounts for and pays to GTP all damages to and costs incurred by GTP because of Motorola's infringing activities and other conduct complained of herein;

c. Judgment that Motorola's infringements be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d. Pre-judgment and post-judgment interest on the damages caused by Motorola's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award GTP its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 4, 2021             Respectfully submitted,


                                    By: /s/ Fred I. Williams
                                    Fred I. Williams
                                    Texas State Bar No. 00794855
                                    Michael Simons
                                    Texas State Bar No. 24008042
                                    Jonathan L. Hardt
                                    Texas State Bar No. 24039906
                                    Chad Ennis
                                    Texas State Bar No. 24045834
                                    WILLIAMS SIMONS & LANDIS PLLC
                                    327 Congress Ave., Suite 490
                                    Austin, TX 78701
                                    Tel: 512-543-1354
                                    fwilliams@wsltrial.com
                                    msimons@wsltrial.com
                                    jhardt@wsltrial.com
                                    cennis@wsltrial.com

                                    Todd E. Landis
                                    State Bar No. 24030226
                                    WILLIAMS SIMONS & LANDIS PLLC
                                    2633 McKinney Ave., Suite 130 #366
                                    Dallas, TX 75204
                                    Tel: 512-543-1357
                                    tlandis@wsltrial.com

                                    John Wittenzellner
                                    Pennsylvania State Bar No. 308996
                                    WILLIAMS SIMONS & LANDIS PLLC
                                    1735 Market Street, Suite A #453
                                    Philadelphia, PA 19103
                                    Tel: 512-543-1373
                                    johnw@wsltrial.com

                                    *Attorneys for Plaintiff Gesture Technology
                                    Partners, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 4, 2021, the undersigned caused a copy of the foregoing document to be served on Motorola through the Court's ECF System.

*/s/ Fred I. Williams*
Fred I. Williams
