# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **GESTURE TECHNOLOGY PARTNERS, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., AND MOTOROLA MOBILITY LLC,** <br><br> Defendants. | Civil Case No. 6:21-cv-00122-ADA |

**DEFENDANTS LENOVO (UNITED STATES) INC.'S, AND MOTOROLA MOBILITY LLC'S MOTION TO DISMISS GESTURE TECHNOLOGY PARTNERS, LLC'S COMPLAINT FOR PATENT INFRINGEMENT <u>UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(3)</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. PROCEDURAL BACKGROUND........................................................................................2

III. LEGAL STANDARD............................................................................................................2

IV. ARGUMENT.........................................................................................................................3

    A. Defendants Do Not Reside In This District .............................................................4

    B. Defendants Do Not Have "Regular And Established" Places Of Business In This District ..............................................................................................................4

        1. Defendants do not own or operate any places of business in this District....................................................................................................4

        2. The independent third-party service centers are not places of Defendants ...................................................................................................5

        3. The independent third-party service centers are not agents of Defendants that constitute regular and established places of business under *Cray* ....................................................................................................7

V. CONCLUSION......................................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AptusTech LLC v. Trimfoot Co., LLC*,
   No. 4:19-cv-00133-ALM, 2020 WL 1190070 (E.D. Tex. Mar. 12, 2020) ............................ 6, 7

*Bd. of Regents v. Medtronic PLC*,
   No. A-17-CV-0942-LY, 2018 WL 4179080 (W.D. Tex. July 19, 2018) ................................. 3

*In re Cray, Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017) ..................................................................................... *passim*

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
   No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018) ........................ 3

*In re Google LLC*,
   949 F.3d 1338 (Fed. Cir. 2020) ..................................................................................... *passim*

*Schnell v. Peter Eckrich & Sons, Inc.*,
   365 U.S. 260 (1961) ................................................................................................................ 3

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   __ U.S.__, 137 S. Ct. 1514 (2017) ................................................................................. 2, 3, 8

*In re ZTE (USA) Inc.*,
   890 F.3d 1008 (Fed. Cir. 2018) ........................................................................................... 3, 5

**Statutes**

28 U.S.C. § 1400(b) ................................................................................................................ 2, 3, 4

35 U.S.C. § 101 ................................................................................................................................ 2

**Rules**

Federal Rules of Civil Procedure 12(b)(3) ................................................................................. 2, 8

I.     **INTRODUCTION**

Plaintiff Gesture Technology Partners, LLC's ("Gesture") Complaint includes only one paragraph on why venue supposedly is proper against Defendants Lenovo (United States) Inc. ("Lenovo US") and Motorola Mobility LLC ("Motorola") (collectively, "Defendants").[1] That single paragraph fails to allege that Defendants have physical places in this District. Instead, Gesture's venue allegations focus exclusively on (1) third-party, independently-operated service centers in this District; (2) a registered Lenovo US agent in Dallas, Texas, which is outside this District; and (3) a strip mall at 11150 Research Blvd, Austin, Texas 78759, where neither Defendant has any retail stores. As explained below, the allegations in this single paragraph are wrong as a matter of law and factually unfounded for several reasons:

- *First*, Defendants do not have any places of business in this District.

- *Second*, even accepting Gesture's allegations as true, Gesture's Complaint fails to show that any of the third-party service centers on which it relies are a place *of Lenovo US or Motorola*—a critical element for venue required by the Federal Circuit. *In re Cray, Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017). The venue statute demands that any "regular and established place of business" "must be a place *of the defendant*." *Id.* (original emphasis). Defendants have no connection to the cited service centers.

- *Third*, Gesture's allegations are unfounded because the third-party service centers do not maintain "the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business." *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020). Rather, the service centers are third-party, independently-owned

---

[1] This motion is filed on behalf of Lenovo (United States) Inc. and Motorola Mobility LLC only. Lenovo Group Ltd. has not been served.

1

establishments, and they are not a legal agent under Defendants' control. Moreover, even if the third-party service centers could be construed as agents of Defendants, the Federal Circuit has made clear that "maintenance activities cannot, standing alone, be considered the conduct of [Defendants'] business." *Id.* at 1346.

Gesture's Complaint against Defendants should therefore be dismissed for improper venue under Federal Rules of Civil Procedure 12(b)(3).[2]

## II.   PROCEDURAL BACKGROUND

Gesture filed its Complaint against Defendants on February 4, 2021, alleging infringement of U.S. Patent Nos. 8,194,924, 7,933,431, 8,878,949, and 8,553,079 (collectively, "Asserted Patents") by various smartphones and tablets offered by Defendants. (Compl. ¶¶ 18, 21.) The Complaint asserts both direct and induced infringement. (*Id.* ¶¶ 33-34, 44, 48, 59, 64, 74, 79, 88.) Gesture alleges generically, on information and belief, that venue is proper for Defendants in this District due to the existence of third-party service centers in this District, a registered Lenovo US agent outside this District, and a strip mall where neither Defendant has any retail stores. (*Id.* ¶ 12.) In support of these allegations, Gesture cites only stale, third-party websites listing various purported service centers, some of which do not even exist anymore. (*Id.* at Exs. A-C; Declaration of Jesal Acharya ("Acharya Decl.") at ¶¶ 5-6.) Under the Federal Circuit's and this District's precedent, Gesture's erroneous allegations cannot establish venue.

## III.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1400(b), venue in patent cases is only proper outside of a defendant's state of incorporation when the defendant maintains a "regular and established place of business" in the district. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, __U.S.__,

---

[2] If this motion is granted and Gesture refiles its lawsuit against Defendants in another venue, Defendants reserve all rights to move to dismiss the newly-filed claims under 35 U.S.C. § 101.

2

137 S. Ct. 1514, 1517 (2017). "The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961). The Federal Circuit applies a three-factor test to determine whether a defendant has a regular and established place of business in a particular venue: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Cray*, 871 F.3d at 1360. "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.* Gesture bears the burden of establishing that venue is appropriate. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

The law is well-settled that venue cannot be imputed to a defendant based on the contacts of a third party unless there is a reason to collapse the separate corporate forms. *See, e.g., Bd. of Regents v. Medtronic PLC*, No. A-17-CV-0942-LY, 2018 WL 4179080, at *2 (W.D. Tex. July 19, 2018); *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018) (Bryson, J.) (collecting cases). The Federal Circuit emphasizes that any physical location forming the basis of venue in a district must be "of the *defendant*." *Cray*, 871 F.3d at 1363 (emphasis added). In the same vein, for the "regular and established place of business" factor, the "venue statute should be read to exclude agents' activities, such as maintenance, that are merely connected to, but do not themselves constitute, the defendant's conduct of business in the sense of production, storage, transport, and exchange of goods or services." *Google*, 949 F.3d at 1347.

IV.    **ARGUMENT**

Under Section 1400(b), which "is the sole and exclusive provision controlling venue in patent infringement actions," *TC Heartland*, 137 S. Ct. at 1519, venue is not proper in this case

3

for either Defendant. Defendants neither reside in this District, nor do they have regular and established places of business here.

### A. Defendants Do Not Reside In This District

Gesture cannot satisfy the first prong of Section 1400(b) because neither Defendant was incorporated in Texas. Lenovo US is incorporated in North Carolina, and Motorola is incorporated in Delaware. (Acharya Decl. ¶ 3.) Thus, Defendants "reside" in North Carolina and Delaware, rather than Texas. (*Id*.) As a result, Defendants' residence cannot provide a basis for venue in this District.

### B. Defendants Do Not Have "Regular And Established" Places Of Business In This District

#### 1. Defendants do not own or operate any places of business in this District.

Gesture likewise cannot satisfy the second prong of Section 1400(b). Defendants do not own or operate any places of business in this District (Acharya Decl. ¶ 3, 6, 8-9), and Gesture does not in its Complaint allege any facts to the contrary.

In its Complaint, to support its claim that venue is proper in this District, Gesture points to an address in Austin—11150 Research Blvd, Austin, Texas 78759—at which a strip mall is located. (*See* Compl. ¶ 12.) Defendants, however, do not own or operate any business at this address. (Acharya Decl. ¶ 9.) Gesture also points to the Dallas, Texas location of Lenovo US's registered agent for service of process. (Compl. ¶ 12.) But Dallas is not in this District. Thus, even if the location of a registered agent were enough to make venue against a defendant proper (which it is not), the location of Lenovo US's registered agent would have no bearing on the venue analysis here.

### 2. The independent third-party service centers are not places of Defendants.

In addition to the strip mall and registered agent, Gesture also points to "service centers in Austin and Waco, Texas." (Compl. ¶ 12.) These service centers, however, are independent third-party businesses, and are thus not regular and established places of defendants.

The Federal Circuit has made clear that any physical location forming the basis of venue in a district must be "of the *defendant*." *Cray*, 871 F.3d at 1363 (emphasis added); *ZTE*, 890 F.3d at 1015. For a business location to be a "place of the defendant," "the defendant must establish or ratify the place of business." *Cray*, 871 F.3d at 1363. The Federal Circuit has set forth several factors to consider under this inquiry, including:

> (1) "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place";
>
> (2) "whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place";
>
> (3) "[m]arketing or advertisements … but only to the extent they indicate that the defendant itself holds out a place for its business"; and
>
> (4) "defendant's representations that it has a place of business in the district" including "whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself."

*Id.* at 1363-64. None of these factors support Gesture's venue allegation.

For its claim that the service centers in Waco and Austin are regular and established places of business of Defendants, Gesture points to a third-party "Service Center Locator" web page that refers customers seeking repairs for their Lenovo US or Motorola devices to various businesses including, for example, Sprint, Freescale Semiconductor Inc., Nevins PC Repair & Networking Solutions, and Scrappy's PC Repair. (*See* Compl. at Exs. A-C.) This webpage, however, plainly shows that the service centers on which Gesture relies are merely non-exclusive service and repair providers for Defendants' products. They are third-party businesses, and Defendants do not own,

5

operate, control, or have any partnership or contractual relationship with these businesses. (Acharya Decl. ¶ 6.) Defendants have no control over where the third-party service centers are located and/or their presence in the District. (*See id*.) Further, Defendants do not advertise that the third-party service centers are Defendants' places of business; in fact, the contrary is true. (*Id*.).

Not one of the *Cray* factors support the cited third-party service centers as "places of" Defendants. Given that Defendants have no ownership or other relationship with the cited service centers in this District, the first three *Cray* factors cannot apply. And as to the fourth factor, Defendants have not made any representations that they have a place of business in this District. The only evidence that Gesture has cited in its Complaint is the "Service Center Locator" web page. But given that Defendants have no involvement with this webpage (or with the service centers at all, for that matter), the webpage cannot constitute a representation from Defendants. Nor is there anything on the webpage indicating that the service centers are Defendants' places of business. (Compl. at Exs. A-C.)

Presented with analogous circumstances, Judge Mazzant dismissed an action for lack of venue when the plaintiff failed to meet the prong requiring a regular and established place of business to be "of the defendant." *AptusTech LLC v. Trimfoot Co., LLC*, No. 4:19-cv-00133-ALM, 2020 WL 1190070, at *5 (E.D. Tex. Mar. 12, 2020). In *AptusTech*, the court explained that a plaintiff could not anchor venue based on the location of defendant's "independent retailers." *Id.* at *3. As the court explained, "the locations [on the website] all have the names of the independent retailers on them. The website listings do not indicate that they are [defendant's] stores. Thus, [defendant] does not attempt to hold these stores out as its own on its website." *Id.* at *4. The Court then summed up its analysis:

> [T]he Court joins the vast number of other district courts, including those within this District, *that have held an independent retailer, or a distributor, does not*

6

*satisfy the requirement that the defendant has a regular and established place of business in the forum* . . . . Since these four locations are not considered "of the defendant," venue is not proper within the [District].

*Id.* at *5. Applying the same analysis here leads to the same result.

### 3. The independent third-party service centers are not agents of Defendants that constitute regular and established places of business under *Cray*.

Gesture's allegation that the third-party service centers are "regular and established" "places of business" is similarly erroneous. The Federal Circuit has emphasized that "a 'regular and established place of business' requires the regular, physical presence of *an employee or other agent of the defendant conducting the defendant's business* at the alleged 'place of business.'" *Google*, 949 F.3d at 1345 (emphasis added). As discussed above, unlike a formal agency relationship (*see Google*, 949 F.3d at 1345), Defendants do not control the activities that the third-party service centers perform in this District. (Acharya Decl. ¶ 6.) Rather, the third-party webpage that refers customers to the service centers makes clear that the centers are independently owned, operated, and managed. (*See* Compl. at Exs. A-C.)

Moreover, even if Gesture could somehow establish that the third-party service centers are Defendants' "agents"—which they are not—Gesture's complaint should still be dismissed. The Federal Circuit has held that "maintenance" activities by third parties do not constitute a defendant's business as required for venue:

> The venue statute should be read to exclude agents' activities, such as maintenance, that are merely connected to, but do not themselves constitute, the defendant's conduct of business in the sense of production, storage, transport, and exchange of goods or services.

*Google*, 949 F.3d at 1347; *see id.* at 1346 ("The better reading of the statute is that the maintenance activities cannot, standing alone, be considered the conduct of [defendant's] business."). This is because "[m]aintaining equipment is meaningfully different from—as only ancillary to—the

7

actual producing, storing, and furnishing to customers of what the business offers." *See id.* at 1346. Thus, under no circumstances can the third-party service centers be considered places conducting the business of Defendants.

Measured against any legal standard, Gesture, who bears the burden of establishing venue, cannot establish that the third-party service centers are "regular and established places of business" of Defendants.

## V.   CONCLUSION

Because Defendants do not reside in this District and do not have a "regular and established place of business" in this District, under *TC Heartland* and *Cray*, venue is not proper. For that reason, Defendants respectfully request that the Court dismiss this action for improper venue under Federal Rules of Civil Procedure 12(b)(3).

Dated:  March 29, 2021

Respectfully submitted,

*/s/ John M. Guaragna*
John M. Guaragna
Texas Bar No 24043308
DLA PIPER LLP (US)
401 Congress Avenue, Suite 2500
Austin, TX  78701-3799
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@us.dlapiper.com

ATTORNEYS FOR DEFENDANTS
LENOVO (UNITED STATES) INC. AND
MOTOROLA MOBILITY LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of March 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record. Any other counsel of record will be served by first class U.S. mail.

*/s/ John M. Guaragna*
John M. Guaragna
