IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LENOVO GROUP LTD.,<br>LENOVO (UNITED STATES) INC., and<br>MOTOROLA MOBILITY LLC,<br><br>Defendants. | CIVIL ACTION NO. 6:21-cv-00122<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS LENOVO (UNITED STATES) INC.'S, AND MOTOROLA MOBILITY LLC'S MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(3)**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PROCEDURAL BACKGROUND | 1 |
| III. | LEGAL STANDARD | 1 |
| IV. | ARGUMENT | 2 |
| | A. Defendants Do Not Contest that They Have Committed Acts of Infringement in the District | 2 |
| | B. Defendants Have "Regular And Established" Places Of Business in this District | 2 |
| |    1. Defendants Have More than 50 Employees Working in the District. | 2 |
| |    2. Defendants Reimburse Employees for Home Office Expenses. | 3 |
| |    3. Defendants Advertise Their Presence and Job Openings in the District Online. | 3 |
| |    4. Defendants Have Numerous Authorized Service Centers and Authorized Resellers in the District. | 3 |
| |    5. The third-party service centers are agents of Defendants that constitute regular and established places of business under *Cray*. | 5 |
| V. | CONCLUSION | 7 |

# TABLE OF AUTHORITIES

**Cases**

*In re Cray*,
   871 F.3d 1355 (Fed. Cir. Sep. 21, 2017) .................................................................................. 2, 5, 7

*In re Google*,
   949 F.3d 1338 (Fed. Cir. Feb. 13, 2020) ......................................................................................... 5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017) ................................................................................................................ 1, 7

**Statutes**

28 U.S.C. § 1400(b) ........................................................................................................................ 1

I. **INTRODUCTION**

Venue over Defendants Lenovo (United States) Inc. ("Lenovo US") and Motorola Mobility LLC ("Motorola") (collectively, "Defendants") is proper because they have more than 50 employees who maintain home offices in this District, and at least 12 of those employees have received reimbursements to help pay for their home offices in the District. The employees are listed online as being employees of Defendants who work in the District. As a result, Defendants have multiple physical places in the District; those places are regular and established places of business; and those places are places of Defendants. In addition, Defendants maintain a substantial number of authorized service centers and authorized dealers for their products in the District.

II. **PROCEDURAL BACKGROUND**

Plaintiff Gesture Technology Partners, LLC ("GTP") filed its Complaint against Defendants on February 4, 2021, alleging infringement of U.S. Patent Nos. 8,194,924, 7,933,431, 8,878,949, and 8,553,079 (collectively, "Asserted Patents") by various smartphones and tablets offered by Defendants. (Compl. ¶¶ 18, 21.) The Complaint asserts both direct and induced infringement. (*Id.* ¶¶ 33-34, 44, 48, 59, 64, 74, 79, 88.) GTP alleges that venue is proper because Defendants maintain "established and regular places of business in this District and committed acts of patent infringement in the District ... and regular and established service centers in Austin and Waco." (Compl. ¶¶ 12.)

III. **LEGAL STANDARD**

Under 28 U.S.C. § 1400(b), venue in patent cases is proper outside of the defendant's state of incorporation "where the defendant has committed acts of infringement and has a regular and established place of business" in the District. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). The physical location forming the basis of venue in the District must be a "regular and established place of business" and must be a place "of the

1

defendant." *In re Cray*, 871 F.3d 1355 at 1363 (Fed. Cir. 2017) . The Federal Circuit has provided several factors to consider in determining whether a place is a place of the defendant, including

(1)   "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place;"

(2)   "whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place;"

(3)   "[m]arketing or advertisements … but only to the extent they indicate that the defendant itself holds out a place for its business;" and

(4)   "defendant's representations that it has a place of business in the district" including "whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself."

*Cray*, 871 F.3d at 1363.

## IV.   ARGUMENT

### A.   Defendants Do Not Contest That They Have Committed Acts of Infringement in the District.

GTP alleges that venue is proper because Defendants maintain "established and regular places of business in this District and committed acts of patent infringement in the District ... and regular and established service centers in Austin and Waco." (Compl. ¶¶ 12.)  Defendants' motion to dismiss does not mention or try to contest that Defendants have committed acts of infringement in the District.

### B.   Defendants Have "Regular and Established" Places of Business in this District.

#### 1.   Defendants have more than 50 employees working in the District.

During the course of jurisdictional discovery, Defendants admitted that they have 53 employees in the District. (Exhibit 1, Lenovo Response to Interrogatory No. 9; Exhibit 2, Motorola Response to Interrogatory No. 9; Exhibit 3; Gesture-Motorola_00000001-3.)  Plaintiff performed its own online searches and was able to identify 73 employees of Defendants in the District.  (*See*

2

Exhibit 4.)

### 2. Defendants reimburse their employees for their home office expenses in the District.

Besides employing a significant number of employees in the District, Defendants have admitted that they provide reimbursement for employees who maintain home offices in the District. While not all employees take advantage of the reimbursement, at least 12 of Defendants' employees within the District have received funds from Defendants to establish home offices in the District. (Exhibit 1, Lenovo Response to Interrogatory No. 10). These payments are evidence of the fact that these regular and established places of business in the District are the places of Defendants.

### 3. Defendants advertise their presence including their job openings in the District.

In addition to employing a significant number of employees in the District and reimbursing some of them for establishing their home offices, Defendants' web presence advertises Defendants' presence in the District. A review of the company LinkedIn pages for Defendants shows that there are at least 73 employees in the District whose locations are advertised on the site, including in Austin, Leander, Round Rock and Cedar Park. (*See* Exhibit 4.) In addition, Defendants have job postings on LinkedIn advertising job openings in Austin. *Id*. All of these facts evidence the regular and established places of business that Defendants have in the District, with more than 50 employees, which are the places of the Defendants.

### 4. Defendants have numerous authorized service centers and authorized resellers in the District.

Lenovo US has five Authorized Service Providers in the Western District of Texas:

- o  Intech Southwest Services, LLC (4778 Research Drive, San Antonio, TX 78240)

- o  Streamline Technical Services, LLC (2711 Oakmont Drive, Round Rock, TX 78665)

- o  Abacus Computers Inc. (6 Desta Drive, Suite 1350, Midland, TX 79705)

- o   BJ Associates of San Antonio (10823 Gulfdale, San Antonio, TX 78216)

- o   Computer Express (12758 Cimarron Path, Suite 104B, San Antonio, TX 78249)

(Exhibit 1, Lenovo Response to Interrogatory No. 4).

Motorola has a network of authorized service centers in the District including the following eight locations shown on the map below:

- o   9900 S IH 35 Frontage Rd Suite P475, Austin, TX 78748

- o   14010 US-183 Suite 528, Austin, TX 78717

- o   115 Sundance Parkway Suite 320, Round Rock, TX 78681

- o   107 Childers Dr Suite 300 Bastrop, TX 78602

- o   750 Barnes Drive Suite 116, San Marcos, TX 78666

- o   160 Creekside Way Suite 102B, New Braunfels, TX 78130

- o   200 Commercial Drive Suite 102, Harker Heights, TX 76548

- o   12140 O'Connor Rd San Antonio, TX 78233



(Exhibit 2, Motorola Response to Interrogatory No. 4).  Each of these has a permanent physical

location in the District that Defendants advertise on their websites.

Defendants also have authorized dealers in the District that are advertised on Defendants' websites. Lenovo US' Authorized Dealers in the Western District of Texas can be found using its online "Find a Reseller" tool, available at https://www.lenovo.com/us/en/landingpage/reseller-locator/. Motorola's Authorized Dealers within the District include the following distributors: Ingram/Bright Point, Ice Mobility, Planet Cell and Quality One. (Exhibit 2, Motorola Response to Interrogatory No. 4). Defendants market their presence in the District to their customers and partners on a daily basis and should not be permitted to claim they have no place of business in the District. Defendants' third-party service centers are agents of Defendants and constitute regular and established places of business under *Cray*.

A regular and established place of business requires the regular, physical presence of "an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *In re Google*, 949 F.3d 1338 at 1345 (Fed. Cir. Feb. 13, 2020). As discussed above, Defendants have numerous locations in the District operated by authorized services and resellers. While Defendants seek to characterize their relationships with these authorized services and dealers in a certain way, Defendants refused to produce the agreements with their providers, and Defendants' corporate representative was unable to provide any details substantiating Defendants' claims about the nature of the relationships.

```
17    Q.    Do you have any information about the
18 relationship between Lenovo (United States) and
19 Intech Southwest Services?
20          MS. HUANG:  Objection to form.
21    A.    No.
22    Q.    Is the same true for the remaining
23 companies, D, E, F, and G on this list in Exhibit 15?
24          MS. HUANG:  Objection to form.
25    A.    Correct, same is true.
```

(Exhibit 5, Acharya Tr. at 23:14-25)

```
22    Q.    Do you know the financial relationship
23 between Lenovo (United States) and any of its
24 authorized dealers or service providers in the
25 Western District of Texas?
```

Confidential     Jesal Acharya (Lenovo) - August 25, 2021

```
                                                    27
1           MS. HUANG:  Objection to form.
2     A.    No.
3     Q.    Do you know what kind of equipment or
4 instructions or services Lenovo (United States)
5 provides to its dealers or service providers in the
6 Western District of Texas?
7           MS. HUANG:  Objection to form.
8     A.    No.
```

(Exhibit 5, Acharya Tr. at 26:22-27:8)

Defendants incredibly claim there is <u>no one</u> at Lenovo or Motorola who can answer questions about their relationships with these authorized service centers and authorized retailers.

(*See id.* at 31:19-33:9) Defendants cannot credibly claim that no one at the company has the details of the nature of their relationship with these service centers and dealers, and at the same time be heard to argue that these locations are not places of the Defendants.

## V. CONCLUSION

Because Defendants have committed acts of infringement and have a "regular and established place of business" in this District, venue is proper under *TC Heartland* and *Cray*. For that reason, Plaintiff requests that the Court deny Defendants' Motion to Dismiss.

Dated: October 13, 2021

Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

*Attorneys for Plaintiff*
*Gesture Technology Partners, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of October 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record. Any other counsel of record will be served by first class U.S. mail.

*/s/ Fred I. Williams*
Fred I. Williams