# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **GESTURE TECHNOLOGY PARTNERS, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., AND MOTOROLA MOBILITY LLC,**<br><br>    Defendants. | Civil Case No. 6:21-cv-00122-ADA |

**DEFENDANTS LENOVO (UNITED STATES) INC.'S AND MOTOROLA MOBILITY LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS GESTURE TECHNOLOGY PARTNERS, LLC'S COMPLAINT FOR PATENT INFRINGEMENT <u>UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3)</u>**

**I.     INTRODUCTION**

Defendants do not have any offices or retail stores and thus, no "regular and established place of business" in this District.  Confronted with this undisputed fact and after failing to uncover any relevant ties to the District after six months of discovery, Gesture resorts to trying to manufacture venue by arguing that the private homes of Defendants' employees and unrelated third-party businesses are Defendants' "regular and established places of business."  This approach runs afoul of precedent from this District and the Federal Circuit, and runs afoul of the Supreme Court's caution against a broad reading of the venue statute.  Gesture cannot meet its burden to establish proper venue against Defendants, so the Court should grant this motion.

**II.    ARGUMENT**

Gesture bears the burden of establishing venue under 28 U.S.C. § 1400(b), *In re ZTE (USA)*, 890 F.3d 1008, 1013 (Fed. Cir. 2018), and the Supreme Court has cautioned that the venue statute is not to be interpreted broadly, *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961).  It is undisputed that Defendants are not incorporated in Texas, nor do they have any offices or retail stores in this District.  *See* Dkt. 21-1, Acharya Decl. at ¶¶ 3, 8-9.  That is the end of the venue inquiry.  But despite this, Gesture tries to point to the private homes of several of Defendants' remote employees and third-party service centers and dealers as Defendants' "regular and established places of business."  Gesture's arguments have no merit.

> **A.     The Private Homes of Defendants' Remote Employees in this District Are Not "Regular and Established" Places of Business.**

The fact that a small number of Defendants' U.S. employees live and work remotely in this District does not create a "regular and established place of business" for Defendants under the venue statute.  Defendants do not own, lease, or rent any portion of their employees' homes; employment is not conditioned on continued residence in this District; and Gesture has not

1

pointed to any evidence that Defendants held out employees' homes as Defendants' places of business.  Both this Court and the Federal Circuit have squarely rejected arguments like Gesture's that an employee's residence confers venue.  *See, e.g.*, *In re Cray*, 871 F.3d 1355, 1365 (Fed. Cir. 2017) ("The statute clearly requires that venue be laid where 'the defendant has a regular and established place of business,' not where the defendant's employee owns a home in which he carries on some of the work that he does for the defendant"); *GreatGigz Solutions, LLC v. Maplebear Inc.*, No. W-20-CV-00737-ADA, 2021 WL 4691145, at *2-3 (W.D. Tex. Oct. 6, 2021) ("[R]esidence in the district alone is not enough … GreatGigz does not identify any business that Instacart carries out within the employees' homes, implying the location of their homes alone is enough.  That is insufficient to establish proper venue."); *Correct Transmission LLC v. ADTRAN, Inc.*, 6:20-CV-00669-ADA, 2021 WL 1967985, at *4, (W.D. Tex. May 7, 2021) (finding that employees' homes fail the *Cray* test because the defendant does not own, rent, or lease the employees' homes or otherwise "establish or ratify" them).

Gesture also argues, without any support, that Defendants' *nationwide* one-time home office setup reimbursement policy used by 12 employees in this District somehow converts those employees' private residences into Defendants' regular and established places of business.  The Federal Circuit squarely rejected a similar argument in *Cray*, finding that such reimbursements did not evidence a regular and established place of business when, as here, they "were not conditioned on any particular employee location."  871 F.3d at 1365-66.

Not only is Gesture's position contrary to the law, it also relies on misstatements of fact. For instance, Gesture contends that "Defendants have job postings on LinkedIn advertising job openings in Austin."  Opp. at 3.  Notably, however, the exhibit that Gesture cites for this claim—Exhibit 4—does not contain any such job postings.  Moreover, none of these purported job

2

postings appear on Defendants' active job board: https://jobs.lenovo.com/en_US/careers (*see also* Huang Decl. Ex. 1). Given that Defendants do not have any offices or other facilities in Austin, it makes little sense that Defendants would post job openings there.[1] The bottom line is that despite conducting discovery into these issues for six months, Gesture has not presented a single verified fact that supports venue in this District.

### B. Third-Party Service Centers And Dealers Are Not "Regular and Established" Places of Business.

Gesture wrongly contends that under the *Cray* factors, third-party authorized service providers and authorized dealers qualify as places of business of Defendants.

Gesture does not point to any facts suggesting that Defendants "establish[ed] or ratif[ied]" any third-party business in this District, that Defendants compelled the third parties to operate or reside in this District, or that Defendants own or lease the property of any third party in this District. Accordingly, these third parties cannot support venue in this District as a matter of law. *See Cray*, 871 F.3d at 1363; *GreatGigz Solutions*, 2021 WL 4691145, at *3 ("GreatGigz fails to meet its burden that the retail partner stores are the *defendant's* places. GreatGigz points to no evidence, contractual or otherwise, illustrating [Defendant] owns or leases the stores, nor exercises other attributes of possession or control over the stores."); *Correct Transmission LLC*, 2021 WL 1967985, at *3 ("an independent contractor relationship is insufficient to satisfy the third element of *Cray*"); *see also* Mot. at 6-7 (citing *AptusTech LLC v. Trimfoot Co., LLC*, 2020 WL 1190070, at *5 (E.D. Tex. Mar. 12, 2020)).

---

[1] Gesture also argues that Defendants employ a "significant" number of employees who reside in this District based on the unverified LinkedIn pages of 73 people (Opp. at 3). The number of employees who reside in this District is not relevant to the venue inquiry. *See Cray*, 871 F.3d at 1363-64. Furthermore, even using Gesture's figure of 73 (versus the verified 53 employees that Defendants cited in their motion), that number represents only a tiny fraction of Defendants' United States workforce (4,925 employees). This is far from "significant."

Instead, the facts confirm that none of the *Cray* factors support that the service providers/dealers are "places of" Defendants.  Because Defendants have no ownership or other interest in the service providers/dealers in this District, and no employees based in those service providers/dealers (Acharya Decl. at ¶¶ 5-8), the first two *Cray* factors cannot apply.  And as to the third and fourth factors, Defendants have not made any representations that they have a place of business in this District and do not hold the service providers/dealers out as anything other than what they are: third-party repair centers and resellers that are independently owned and operated.

The service providers and dealers on which Gesture relies, Opp. at 3-5, are all third parties that do not belong to Defendants and in fact work on *all manner and brands of electronics*, including some of Defendants' *direct competitors*.  For example, Gesture points to various locations of repair centers in this District.  Opp. at 4.  These are all repair centers owned by MMI-CPR, LLC, a third party over which Motorola has no ownership or other interests, and which operates under the name "CPR."  CPR's websites confirm their independence, stating that "[a]ll CPR Stores are independently owned and operated," "[a]ll product and company names are trademarks of their respective holders," and "CPR is a third-party repair company."  (Huang Decl. Exs. 2, 3.  Indeed, there are over 800 CPR centers globally, and CPR's business model is not limited to Defendants' products, but more broadly to "electronic device repair…. Beyond smartphones, we specialize in a wide variety of digital device repairs including computers, laptops, game consoles, cameras, MP3 players, and much more." (*Id.* Ex. 4.)  Moreover, the CPR website advertises third-party services for Defendants' competitors, as it specifically identifies iPhones, and devices from Samsung, Nokia, LG, Blackberry, Sony, HTC, Google, Microsoft, and OnePlus.  (*Id.* Exs. 2-4.)  Thus, the identified CPR centers cannot constitute

4

"places of" Defendants and Gesture's argument fails. *Cray*, 871 F.3d at 1363; *In re ZTE (USA) Inc.*, 890 F.3d at 1015-16.

The same is true of third-party resellers/distributors on which Gesture relies to establish venue. Gesture asserts that "Defendants market their presence in the District to their customers and partners on a daily basis," pointing to third-party resellers/distributors found through Lenovo US's "Find a Reseller" tool. Opp. at 5. As with the service providers, these third-party resellers/distributors do not belong to Defendants. The websites of these third parties make clear that they sell and distribute devices from many different manufacturers, including Defendants' direct competitors. (*See, e.g.*, Huang Decl. Ex. 5.) Defendants do not own, operate, or control any of these third-party resellers/distributors. (*See* Acharya Decl. at ¶¶ 5-8.) They therefore are not "regular and established places of business" of Defendants. *Cray*, 871 F.3d at 1363; *In re ZTE (USA) Inc.*, 890 F.3d at 1015-16. Moreover, the "Find a Reseller" tool is merely a tool to search for a Lenovo US authorized dealer in a particular location; the fact that one can use it to find third-party resellers in this District falls far short of what *Cray* requires. Under *Cray*, marketing and advertisements are relevant to the venue inquiry, "but only to the extent they indicate that the defendant itself holds out a place for its business." *Cray*, 871 F.3d at 1363-64. There is nothing that is part of the "Find a Reseller" tool that suggests that the Defendants hold out the resellers in this District as a place for their business or that Defendants otherwise have a place of business in this District. As such, the "Find a Reseller" tool cannot confer venue. *Id.*

## III. CONCLUSION

Gesture's Opposition provides no facts to establish that Defendants have a "regular and established place of business" in this District. Accordingly, venue is not proper, and Defendants respectfully request that the Court dismiss this action under Fed. R. Civ. P. 12(b)(3).

5

Dated:  October 27, 2021            Respectfully submitted,

           */s/ John M. Guaragna*
           John M. Guaragna
           Texas Bar No 24043308
           DLA PIPER LLP (US)
           401 Congress Avenue, Suite 2500
           Austin, TX  78701-3799
           Tel: 512.457.7125
           Fax: 512.457.7001
           john.guaragna@us.dlapiper.com

           ATTORNEYS FOR DEFENDANTS
           LENOVO (UNITED STATES) INC. AND
           MOTOROLA MOBILITY LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of October 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.  Any other counsel of record will be served by first class U.S. mail.

                                              */s/ John M. Guaragna*
                                              John M. Guaragna