# EXHIBIT 2



UNITED STATES PATENT AND TRADEMARK OFFICE

```
UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov
```

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/893,534 | 07/19/2004 | Timothy R. Pryor | P06410US02/DEJ | 2395 |

```
881           7590        01/24/2008
STITES & HARBISON PLLC
1199 NORTH FAIRFAX STREET
SUITE 900
ALEXANDRIA, VA 22314
```

| EXAMINER |
|---|
| MENDIRATTA, VISHU K |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3711 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/24/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 10/893,534 | PRYOR, TIMOTHY R. |
| | Examiner | Art Unit |
| | Vishu K. Mendiratta | 3711 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>29 October 2007</u>.
2a)☒ This action is **FINAL**.    2b)☐ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>9-14 and 21-31</u> is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5)☐ Claim(s) _____ is/are allowed.
6)☒ Claim(s) <u>9-14, 21-31</u> is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.
10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All   b)☐ Some * c)☐ None of:
    1.☐ Certified copies of the priority documents have been received.
    2.☐ Certified copies of the priority documents have been received in Application No. _____.
    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.
4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.
5)☐ Notice of Informal Patent Application
6)☐ Other: _____.

Application/Control Number: 10/893,534  
Art Unit: 3711

Page 2

## DETAILED ACTION

1. Claims 9-13,21-28 rejected under 35 U.S.C. 102(b) as being anticipated by Hedges (4339798)

Hedges teaches monitoring a live game by a TV camera, the game table having information such as roulette game rules/betting spaces etc., and camera monitoring while players place game markers (chips). Hedges also teaches a computer processor (41), identifying and displaying game markers on a live game display screen (44), establishing co-ordinate system (5:21-26). Applicant may note that roulette boards are stiff as well known in the art and the limitation is inherently taught.

As explained in previous office action all casinos are equipped with cameras that constantly monitor in real time all movements of every casino activity on every table including identifying all game pieces and their positions. _TV_ Cameras placed in strategic locations constantly record all casino movements that are monitored on _monitors 60_. Hedges clearly teaches physical markers at a remote location "capable of being moved" on a casino table (abstract). _Newly added limitations in a computer means phrase only represent intended use "for analyzing", "for recognizing", etc. do not specifically claim structure that would limit the apparatus claimed._ Limitations With reference to "generating sensation", such limitations are personal reactions and not part of apparatus.

2. Claims 9-13,21-28 rejected under 35 U.S.C. 102(b) as being anticipated by Levy (3909002)

Levy teaches playing a game board (100) with markers, a TV camera placed above a live game board (5:10-31).

3.  Claims 9-13 rejected under 35 U.S.C. 102(e) as being anticipated by Karmakar (6508709).

Karmakar teaches monitoring a live game by TV camera (60,70,80), the game table having information (9:46-65) rules etc., and camera monitoring while players place game markers (cards 76 or game pieces for monopoly type games). Hedges also teaches a computer processor (41), identifying (Fig.6) and displaying game markers on a live game display screen (Fig.1C).

4.  Claim 14 rejected under 35 U.S.C. 102(b) as being anticipated by Gilboa (5853327).

Gilboa teaches a horizontal (Fig.22) display (8), computer means (2), markers (10), the game being placed at a comfortable height (Fig.22), having image of a conventional game (11).

5.  Claim 14 rejected under 35 U.S.C. 103(a) as being unpatentable over Hedges or Karmakar on view of Gilboa (5853327).

Hedges or Karmakar teach all limitations except that they do not teach the game board being video display. Gilboa teaches a display game board (8). Electronic display game boards are capable of displaying multiple/variable game indicia/picture/video and enhance amusement value. In order to make the game attractive to potential players, it would have been obvious to suggest modifying game boards to include electronic/video displays. One of ordinary skill in art at

the time the invention was made would have suggested modifying game boards to include electronic/video displays to attract potential players.

6.  Claims 27 rejected under 35 U.S.C. 103(a) as being unpatentable over Gilboa.

Gilboa might not expressly indicate playing monopoly. However Gilboa teaches a preferred embodiment where it can call any game by the game program. In order to make the game attractive to monopoly type games, it would have been obvious to provide monopoly games.

One of ordinary skill in art at the time the invention was made would have suggested any theme including monopoly theme games.

7.  Claims 28 rejected under 35 U.S.C. 103(a) as being unpatentable over Gilboa in official notice.

Playing games on internet is common in this day and age. In order to attract potential players, it would have been obvious to make the game available on internet.

### Response to Arguments

Applicant's arguments filed 3/19/07 have been fully considered but they are not persuasive.
As explained in previous office action all casinos are equipped with cameras that constantly monitor in real time all movements of every casino activity on every table including identifying all game pieces and their positions. Cameras placed in strategic locations constantly record all casino movements that are monitored. Newly added limitations do not further add any structure to the claimed apparatus. With reference to "generating sensation", such limitations are personal reactions and not part of apparatus.

Application/Control Number: 10/893,534      Page 5
Art Unit: 3711

<u>*Newly added limitations in a computer means phrase only represent intended use "for analyzing", "for recognizing", etc. do not specifically claim structure that would limit the apparatus claimed*</u>.

1. **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Vishu K. Mendiratta whose telephone number is (571) 272-4426. The examiner can normally be reached on Mon-Fri 8AM to 5PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Eugene Kim can be reached on (571) 272-4463. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 10/893,534
Art Unit: 3711

Page 6

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Vishu K Mendiratta
Primary Examiner
Art Unit 3711

VKM
January 8, 2008