# EXHIBIT 3

*OCT 29 2007* (stamp)

|  | Application # | 10/893,534 |
|---|---|---|
|  | Confirmation # | 2395 |
| **AMENDMENT** | Filing Date | July 19, 2004 |
|  | First Inventor | PRYOR |
|  | Art Unit | 3711 |
|  | Examiner | Mendiratta, Vishu K. |
|  | Docket # | P06410US02/DEJ |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

S I R:

In response to the Office Action dated May 29, 2007:

A) please consider the responsive **Remarks** provided herewith in **Attachment A**; and

B) please amend the above identified application as follows:

- **Amendments to the Claims** are reflected in the listing of the claims provided herewith in **Attachment B**.

In view of the amendments made and the remarks provided, it is submitted that the present application is in condition for allowance.

Respectfully submitted,

Date:  October 29, 2007

By:  Douglas E. Jackson
Registration No.:  28,518

**STITES & HARBISON PLLC**  ◆  1199 North Fairfax St.  ◆  Suite 900 ◆ Alexandria, VA 22314
TEL: 703-739-4900 ◆ FAX: 703-739-9577 ◆ CUSTOMER NO. 00881

524LT:201 16:55025:1:ALEXANDRIA

# ATTACHMENT A

## Remarks

By this Amendment, independent claims 9 and 21 have been amended to better define the invention over the cited prior art. Other dependent claims have also been amended consistent with the changes to the independent claims and/or for clarity. It is submitted that the present application is in condition for allowance for the following reasons.

What is now claimed in both amended independent claims is that where a board game is played, a computer is used to analyze an output of a TV camera viewing the board game and to recognize a relative position at least one of the markers with respect to information on the board. Then, when the marker is moved to a new position during the play of the game, the computer recognizes the new position. As a result of the newly recognized position, the computer also is then used to automatically generate a sensory output, associated with the new position, which is designed to be perceived by the person(s) playing the game.

In paragraphs 1-3 of the outstanding Action, the examiner rejected the independent claims (and most of the dependent claims) under 35 USC § 102 as being anticipated by the Hedges patent, the Levy patent, or the Karmarkar patent. In this rejection, as noted in paragraph 1 and again in the *Response to Arguments* section, it is the examiner's (re-stated) position that these patents disclose casino monitoring systems and that:

> The newly added limitations do not further limit the game as claimed. As explained in previous office action all casinos are equipped with cameras that constantly monitor in real time all movements of every casino activity on every table including identifying all game pieces and their positions. Cameras placed in strategic locations constantly record all casino movements that are monitored. Newly added limitations do not further add any structure to the claimed apparatus. With reference to "generating sensation" such limitations are personal reactions and not part of apparatus.

Application # 10/893,534
Docket # P06410US02/DEJ

Responsive to Office
Action of 05/29/2007

Therefore, it will be appreciated that the presently amended independent apparatus claim 9 and the presently amended independent method claim 21 both now clearly and more particularly differentiate from the apparatus and method where casino games, or any such live game, are monitored. In particular, it is claimed that the apparatus includes a computer means performing the following specific functions (and likewise the method recites a computer performing the noted steps):

a) <u>analyzing</u> the output of said TV camera and <u>recognizing</u> from the analysis a relative position of said marker with respect to the information on said board,

b) <u>analyzing</u> and then <u>recognizing</u>, after a movement of said marker during the play of the game which is viewed by said TV camera, a new position of said marker with respect to the information on said board, and

c) <u>automatically generating</u>, after the new position of said marker is recognized, a <u>sensory output</u> designed to be capable of being perceived by the person, said sensory output being different from a view of said board and marker thereon and being associated with the recognized new position of said marker with respect to the information on said board.

No such analyzing and recognizing by a computer takes place in the situation described by the examiner of a casino which monitors activity with TV cameras. In particular, such a monitoring system does not "analyze" the TV camera output in order to "recognize" (which together are definitionally different from to "display" or even "monitor", as readily recognized by those of ordinary skill in computer vision which is the standard which should be applied) a relative position of a marker and a new position of the marker with respect to the information on the board. Further, and significantly, such a prior art monitoring system does not generate a "sensory output" after the new position is "recognized", where the sensory output is <u>different</u>

Application # 10/893,534
Docket # P06410US02/DEJ

Responsive to Office
Action of 05/29/2007

from a view of the board or game. Rather, the monitoring system described by the examiner merely displays, without any analysis or recognition, whatever is within the field of view of the TV camera.

The examiner also particularly noted that the term "generating sensation" was a personal reaction and hence did not limit the claimed apparatus. By this Amendment, this term has been changed to "sensory output" by which it is made clear that it is the computer means which functions to generates this "output", and this generated output (e.g., an emitted sound or image shown in a video display) is "designed to be capable of being perceived by the person" playing the game. The prior art monitoring system obviously does not generate any such "output", as it incapable of recognizing the need to generate a sensory output and instead merely displays the game(s) (or game board(s)) in the field of view of the TV cameras.

In view of the above, it is submitted that these specified functions of a computer means of independent apparatus claim 9 (and the method steps performed by the computer of independent method claim 21) are neither disclosed or made obvious by the Hedges patent, the Levy patent, or the Karmarkar patent. Therefore, it is submitted that:

- the rejection of independent claims 9 and 21 together with dependent claims 10-13 and 22-28 under 35 USC § 102 as being anticipated by the Hedges patent should be withdrawn;

- the rejection of independent claims 9 and 21 together with dependent claims 10-13 and 22-28 under 35 USC § 102 as being anticipated by the Levy patent should be withdrawn; and

- the rejection of independent claim 9 and dependent claims 10-13 under 35 USC § 102 as being anticipated by the Karmarkar patent should be withdrawn.

Likewise, the various rejections of the other dependent claims based on these references should likewise be withdrawn; and the other rejections directed to various other dependent

claims should also be withdrawn based at least on the allowability of the independent claims from which they depend.

The examiner's attention is also directed to <u>claims 29-31</u>, added in the previous amendment. These claims were not discussed, and in particular, <u>were not rejected</u> in the present action. The limitations of these claims similarly show the differences between the present invention and that of a monitoring system; which limitations are likewise not shown by any of the cited references so that these claims are likewise allowable for this reason as well as for at least for the same reasons as the independent claims from which they respectively depend.

For all of the foregoing reasons, it is submitted that all of the claims are allowable and hence that the application is now in condition for immediate allowance.

Application # 10/893,534 — Responsive to Office
Docket # P06410US02/DEJ — Action of 05/29/2007

# ATTACHMENT B

# Amendments to the Claims

*This listing of claims will replace all prior versions, and listings, of claims in the application.*

1-8. (canceled)

9. (currently amended)  A board game apparatus comprising:

a board on which a play of a game takes place, said board containing information relating to the play of the game;

a physical marker used for the play of the game, said marker resting on said board and <u>capable of</u> being moved by a person during the play of the game;

at least one TV Camera positioned to view said board and said marker<u>, said TV camera producing an output</u>; and

<u>a</u> computer means<u>,</u> connected to said at least one TV camera<u>,</u>

 a) for <u>analyzing</u> <s>identifying, from an</s> <u>the</u> output of said TV camera<s>,</s> <u>and recognizing from the analysis</u> a relative position of said marker with respect to the information on said board,

 b) for <s>identifying</s> <u>analyzing and recognizing</u>, after a movement of said marker during the play of the game <u>which is viewed by said TV camera</u>, a new position of said marker with respect to the information on said board, and

 c) for automatically generating, after the new position of said marker is <s>identified</s> <u>recognized</u>, a <s>sensation</s> <u>sensory output designed to be capable of being</u> perceived by the person<u>,</u> <s>which sensation is</s> <u>said sensory output being different from a view of said board and marker thereon and being</u> associated with the <u>recognized</u> new position of said marker with respect to the information on said board.

10. (currently amended)  Apparatus according to claim 9, wherein said computer means also <s>identifies</s> <u>recognizes</u> at least one identifying characteristic of said marker from the output of said TV camera.

11. (currently amended)  Apparatus according to claim 9, further including means to display video imagery or to output audio information to the person as said <u>sensory output</u> <s>sensation</s> which is generated by said computer means.

12. (previously presented)  Apparatus according to claim 9, wherein said computer means also determines information concerning other objects used in the game or other persons playing the game.

13. (previously presented)  Apparatus according to claim 9, wherein said board is stiff so as to not easily be deformed during transport or play.

14. (previously presented)  Apparatus according to claim 9, wherein said board is information provided on a computer generated video display.

15-20  (canceled)

21. (currently amended)  A method for board game play comprising the steps of:
- providing a board on which <u>a</u> physical <s>markers are</s> <u>is</u> moved by a person during a play of the game, said board containing information relating to the play of said game;
- providing at least one TV Camera positioned to view said board and said marker thereon<u>, the TV camera producing an output which is fed to a computer</u>;
- <u>utilizing the computer to analyze the output of the TV camera and then to recognize</u><s>determining</s>, <s>using a computer,</s><u>from the analyzed output</u> a relative position of said marker with respect to the information provided on said board;
- <s>identifying with the computer,</s> after a movement of said marker during the play of the game <u>to a new position on the board which is viewed by the TV camera, utilizing the computer to analyze the output of the TV camera and then to recognize, from the analyzed output,</u> <s>a</s> <u>the</u> new position of said marker with respect to the information on said board; and

Application # 10/893,534                                    Responsive to Office
Docket # P06410US02/DEJ                                     Action of 05/29/2007

- generating with the computer, as a result of the new position ~~identified~~recognized by the computer, a video or audio ~~sensation~~ sensory output different from a view of said board and associated with the recognized new position of said marker with respect to the information on said board which sensation is designed to be capable of being perceived by the person playing said game.

22. (previously presented)  A method according to claim 21, including the further step of establishing in the computer a reference coordinate system for the board and marker.

23. (currently amended)  A method according to claim 21, including the further step of ~~identifying~~ recognizing the marker with the computer.

24. (currently amended)  A method according to claim 23, wherein said ~~identification~~ recognition pertains as well to the player associated with the identified marker.

25. (currently amended)  A method according to claim 21, wherein said marker has a specialized datum to aid in recognizing position ~~determination or identification~~ by said computer.

26. (previously presented)  A method according to claim 21, wherein said sensation is selected from a computer memory to correspond to one of a plurality of choices for a given game.

27. (previously presented)  A method according to claim 26, in which a MONOPOLY® game is enhanced by using local or otherwise familiar scenes or sounds to represent the various properties and other features in the game.

28. (currently amended)  A method according to claim 21, wherein said sensory output ~~sensation~~ is downloaded by said computer from remote sources.

29. (previously presented)  Apparatus according to claim 11:

wherein said means to output is a video display, and

wherein said computer means outputs image data of a structure maintained in a computer memory, which structure is associated with the new position of said marker.

30. (previously presented) Apparatus according to claim 14, wherein said computer means further provides a signal to said video display to output an image therein associated with the new position of said marker.

31. (currently amended) A method according to claim 21,

wherein said generating step provides a video ~~sensation~~ sensory output which is an image on a video display, and

wherein the video sensory output ~~sensation~~ is derived from image data of a structure maintained in computer memory which is associated with the new position of said marker.