## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

GESTURE TECHNOLOGY PARTNERS, LLC, §
    *Plaintiff* §
§
-vs- §            **W-21-CV-00122-ADA**
§
LENOVO GROUP LTD., LENOVO (UNITED §
STATES) INC., AND MOTOROLA MOBILITY §
LLC, §
    *Defendants* §

## MEMORANDUM OPINION AND ORDER

Came on for consideration this date is the Motion to Dismiss for Improper Venue (the "Motion") of Defendants Lenovo (United States) Inc. ("Lenovo USA") and Motorola Mobility LLC ("Motorola") (collectively, "Defendants").[1] Defendants filed the Motion on March 29, 2021. Plaintiff Gesture Technology Partners, LLC ("Plaintiff" or "Gesture") filed its Opposition to Defendants' Motion on October 13, 2021. Defendants' Reply was filed on October 27, 2021. After careful consideration of the briefing and arguments made at the hearing on December 13, 2021, the Court **GRANTS** Defendants' Motion to Dismiss for Improper Venue.

## I. BACKGROUND

On February 4, 2021, Gesture filed its Complaint against Defendants alleging infringement of United States Patent Nos. 8,194,924, 7,933,431, 8,878,949, 8,553,079 (collectively, the "Asserted Patents") by various smartphones and tablets offered by Defendants. ECF No. 1 ¶ 18, 21. The Complaint asserts both direct and induced infringement. *Id.* ¶¶ 33, 44,

---

[1] Only Defendants Lenovo (United States) Inc. and Motorola Mobility LLC joined in this Motion. Lenovo Group Ltd. has not yet been served. *See* ECF No. 21 at 1.

48, 59, 64, 74, 79, 88. On March 29, 2021, Defendants Lenovo USA and Motorola moved to dismiss the action for improper venue under Rule 12(b)(3). ECF No. 21. Lenovo USA is a North Carolina corporation. ECF No. 21 at 4. Motorola is a Delaware corporation. ECF No. 21 at 4. Gesture's Complaint states that venue is proper in the Western District of Texas for Lenovo US and Motorola because "Lenovo has maintained established and regular places of business in this District and committed acts of patent infringement in the District including, on information and belief, at 11150 Research Blvd, Austin, Texas 78759, and regular and established service centers in Austin and Waco, Texas." ECF No. 1 ¶ 12.

## II. LEGAL STANDARD

### A. Patent Venue

Section 1400(b) of title 28 of the United States Code "constitute[s] the exclusive provision controlling venue in patent infringement proceedings." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017) (internal quotation marks omitted). A claim for patent infringement must be brought "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also Optic153 LLC v. Thorlabs Inc.*, Civil Action No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *2 (W.D. Tex. June 19, 2020). Section 1400(b) is intentionally restrictive, and it is Plaintiff's burden to establish proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018).

Under the first prong, the Supreme Court has held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. Under the second prong, the Federal Circuit interpreted a "regular and established place of business" to impose three general requirements: "(1) there must be a physical place in

2

the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.,* 871 F.3d 1355, 1360 (Fed. Cir. 2017). Failure to satisfy any statutory requirement requires a finding of improper venue. *Id.*

### III. ANALYSIS

#### A. Defendants Do Not Reside in the Western District of Texas.

Under 28 U.S.C. § 1400(b), a claim for patent infringement must be brought (1) "in the judicial district where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." Lenovo USA resides in North Carolina, and Motorola resides in Delaware. It is undisputed that venue would be improper as to Defendants under the first prong of 28 U.S.C. § 1400(b).

Venue, therefore, hinges on the Court's analysis of the second prong: "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Defendants contend that venue is improper in the Western District of Texas, alleging they have no regular and established place of business in this District. ECF 21 at 4. Gesture maintains that the Western District of Texas is the appropriate venue because Defendants have committed acts of infringement and have a regular and established place of business via work-from-home employees and authorized service centers and resellers in this District. ECF No. 32 at 2–3.

#### B. Defendants Do Not Have a Regular and Established Place of Business in the Western District of Texas.

Plaintiff contends that venue is proper because Defendants employ 50-plus employees in this District, reimburse said employees for home office expenses, advertise job openings in this

District, and use numerous authorized service centers and resellers in this District. ECF No. 32 at 2, 3.

> ### a.   *The mere presence of employees in the district is not sufficient to satisfy a regular and established place of business of the Defendants.*

There is no dispute that the first *Cray* element, "a physical place in the district," is satisfied with an employee's home in the District. *See Cray*, 871 F.3d at 1362 ("there must still be a physical, geographical location in the district from which the business of the defendant is carried out"). At the very least, 50 employees work for Defendants from home in this District. Each home is a physical place in this district.

As for a "regular and established place of business," it is not enough that a physical location exists in the district where an employee performs work for his employer. *Am. Cyanamid Co. v. Nopco Chem. Co.,* 388 F.2d 818 (4th Cir. 1968). "The statute clearly requires that venue be laid where 'the defendant has a regular and established place of business,' not where the defendant's employee owns a home in which he carries on some of the work that he does for the defendant." *Cray*, 871 F.3d at 1365 (quoting *Am. Cyanamid*, 388 F.2d at 820). However, Plaintiff further argues that because Defendants have provided reimbursements for employees who maintain home offices in the District, the home is a regular and established place of business of the Defendants. ECF No. 32 at 3 ("at least 12 of Defendants' employees within the District have received funds from Defendants to establish home offices in the District"). Defendants rebut that this one-time reimbursement policy was nationwide for employee home office setups. ECF No. 35 at 2. Defendants' one-time nationwide reimbursement policy exemplifies that the reimbursement policy was not conditioned on the employees living in the District. *See Cray*, 871 F.3d at 1365 (finding the plaintiff did not meet the "regular and

established place of business" requirement because "the reimbursements and support were not conditioned on any particular employee location").

Plaintiff next points to the fact that the employees residing in this District have LinkedIn profiles that Defendants advertise on their website. ECF No. 32 at 3. However, this is not sufficient to show Defendants maintain a "regular and established place of business" in this District. In *Celgene Corporation v. Mylan Pharmaceuticals Inc.,* Celgene similarly tried to use business cards with employee names and addresses and LinkedIn profiles to show that Mylan had a place of business in the District. 17 F.4th 1111, 1123 (Fed. Cir. 2021). The Court in *Celgene* found that this was "all too speculative to show ratification of those addresses as [Defendants'] places of business (much less that the employees themselves regularly conducted business specifically at their homes)." *Id*. Here, the same ruling applies because the LinkedIn profiles are too speculative to show the employees' homes are "regular and established places of business of the Defendants" within the District. Therefore, Plaintiff fails to meet the "regular and established place of business" factor.

Finally, *Cray* provides several factors to consider when determining if an employee's home is a "place of the defendant," such as if the defendant owns, leases, or rents any portion of the employee's home, if the defendant played a role in selecting the location, if the defendant stores inventory or conducted demonstrations there, or if the defendant conditioned the employee's employment on the maintenance of the location in the District. *Cray*, 817 F.3d at 1356. Here, Defendants do not own, lease, or rent any portion of the employees' homes, they did not play a role in selecting the location or condition employment on the maintenance of the location, and Plaintiff has provided no evidence to show that Defendants store inventory or conduct demonstrations at the employees' homes.

The facts of this case do not justify a finding that the referenced work-from-home employees are working from a place of the Defendants. In order for the employees to be working from a place of the Defendants, Defendants must have a business model where "many employees' homes are used by the business as a place of business of the defendant." *Cray*, 871 F.3d at 1364, n.\*. Here, Plaintiff fails to show Defendants have such a business model to support proper venue. Accordingly, Plaintiff cannot meet every statutory element and venue is improper via the employees' homes.

### b. Gesture fails to show that third-party authorized service centers and authorized resellers are regular and established places of business of the Defendants.

The first element of *Cray* requires a physical place in the District. *Cray*, 871 F.3d at 1360. There is no dispute that the third-party authorized service centers and resellers have a physical location within the District.

The second element of *Cray* requires a regular and established place of business. *Id*. The third-party authorized service centers and resellers have a regular and established place of business for their own business purposes. However, for venue purposes, any repair or sale from a service center or reseller is a one-time event and, therefore, does not constitute the conduct of a "regular and established place of business." *See In re Google LLC*, 949 F.3d 1338, 1346 (Fed. Cir. 2020) ("The installation activity does not constitute the conduct of a 'regular and established business' since it is a one-time event for each server.") "The better reading of the statute is that the maintenance activities cannot, standing alone, be considered the conduct of [Defendants'] business." *Google*, 949 F.3d at 1346.

Finally, for the third party authorized service centers and resellers to satisfy the third element of *Cray*, a "place of the defendants," they must act as agents of the defendants. "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to

6

another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency § 1.01 (Am. L. Inst. 2006). "The essential elements of agency are (1) the principal's 'right to direct or control' the agent's actions, (2) 'the manifestation of consent by [the principal] to [the agent] that the [agent] shall act on his behalf,' and (3) the 'consent by the [agent] to act.'" *In re Google*, 949 F.3d at 1345 (alterations in original) (quoting *Meyer v. Holley,* 537 U.S. 280, 286 (2003).

Defendants do not have the "right to direct or control" the third-party service centers and resellers' actions. The service providers and resellers work on and sell electronics brands, including some of Defendants' direct competitors. ECF No. 35 at 4. The mere presence of a contractual relationship between Defendants and the authorized service centers in which the service centers help Defendants' customers does not necessarily make the service center a "regular and established place of business" of the Defendants. *See In re ZTE (USA) Inc.,* 890 F.3d 1008, 1015 (Fed. Cir. 2018) ("The mere presence of a contractual relationship between [the "agent"] and [Defendant] pursuant to which [the "agent"] provides call center services to [Defendants'] customers does not necessarily make [the "agent's"] call center "a regular and established place of business" *of [Defendant]* in the [District].").

Next, all third parties are independently owned and operated. ECF No. 35 at 4. "A threshold inquiry when determining whether the place of business of one company can be imputed to another, related company is whether they have maintained corporate separateness. If corporate separateness has not been maintained, the place of business of one corporation may be imputed to the other for venue purposes. But where related companies have maintained corporate separateness, the place of business of one corporation is not imputed to the other for venue

purposes." *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (Fed. Cir. 2021). Here, Defendants and the third-party authorized service centers and resellers are independent corporations and companies. The companies are not related and therefore venue cannot be imputed to Defendants.

In sum, Gesture fails to point to any facts that these third parties support venue in this District. *See Cray*, 871 F.3d at 1363; *GreatGigz Solutions, LLC v. Maplebear Inc.*, No. W-20-CV-00737, 2021 WL 4691145, at *3 (W.D. Tex. Oct. 6, 2021) ("GreatGigz fails to meet its burden that the retail partner stores are the *defendant's* places. GreatGigz points to no evidence, contractual or otherwise, illustrating [Defendant] owns or leases the stores, nor exercise other attributes of possession or control over the stores."); *Correct Transmission LLC v. ADTRAN, Inc.*, No. 6:20-CV-00669, 2021 WL 1967985, at *3 (W.D. Tex. May 17, 2021) ("an independent contractor relationship is insufficient to satisfy the third element of *Cray*"); *AptusTech LLC v. Trimfoot Co., LLC*, No. 4:19-CV-00133, 2020 WL 1190070, at *5 (E.D. Tex. Mar. 12, 2020) ("So too, the Court joins the vast number of other district courts, including those within this District, that have held an independent retailer, or a distributor, does not satisfy the requirement that the defendant has a regular and established place of business in the forum. Moreover, even directing customers to that location from the defendant's website is insufficient to establish that the location is 'of the defendant.' Since these four locations are not considered 'of the defendant,' venue is not proper within the Eastern District of Texas.").

## IV. CONCLUSION

For the above reasons, the Court finds that venue is improper in the Western District of Texas. It is therefore **ORDERED** that Defendants Lenovo (United States) Inc.'s and Motorola

Mobility LLC's Motion to Dismiss for Improper Venue (ECF No. 21) is hereby **GRANTED**.

Accordingly, Lenovo (United States) Inc. and Motorola Mobility LLC are dismissed.


SIGNED this 29th day of December, 2021.


_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE